IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GLENN R. KIBE, GG-4811,  )
    Petitioner,  )
                      )
       v.             )  2:12-cv-1405
                      )
DEBRA SAUERS, et al.,  )
    Respondents.  )

MEMORANDUM and ORDER

Mitchell, M.J.:

      Glenn R. Kibe, an inmate at the State Correctional Institution at Forest has presented a petition for a writ of habeas corpus (ECF No.5).

      Kibe is presently serving a six to twelve year sentence imposed following his conviction upon a plea of guilty to charges of aggravated assault, terroristic threats and recklessly endangering another person at No. CP-02-CR-2813-2004 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on July 18, 2005 and no appeal was pursued.[1] Appended as Exhibit 2 to the petition, Kibe has submitted the August 31, 2012 Memorandum of the Superior Court in which it is noted:

> On July 18, 2005, Appellant entered a counseled guilty plea to the charges of aggravated assault, making terroristic threats, and recklessly endangering another person, and on that same date, he was sentenced to an aggregate of six years to twelve years in prison. Appellant filed a timely post-sentence motion, which was denied on December 20, 2005. Appellant did not file a direct appeal.
>
> On or about June 6, 2011, Appellant filed a *pro se* PCRA petition…on August 17, 2011, the PCRA court provided Appellant with notice of its intention to dismiss his PCRA petition without a hearing on the basis it was untimely filed, and Appellant filed a *pro se* reply opposing dismissal. On September 19, 2011, the PCRA court dismissed Appellant's PCRA petition, and this timely *pro se* appeal followed…
>
> Pennsylvania law makes it clear that no court has jurisdiction to hear an untimely PCRA petition… The most recent amendments to the PCRA … provide that a

---
[1] See: Petition at ¶¶ 1-5, 9.

1

> PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. §9545(b)(1) …
>
> Three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. §9545(b)(1).
>
> ***
>
> Here, Appellant contends that guilty plea counsel failed to advise him that (1) the Commonwealth is permitted to oppose parole, (2) the Pennsylvania Board of Probation and Parole (the Board) has discretion to deny parole, and (3) the Board is permitted to deny a request for parole on the basis the defendant lacks remorse. Appellant suggests that, had he been aware of this information, he would not have pled guilty, and he first learned of these "facts," which provide the basis for guilty plea counsel's ineffectiveness, when his third application for parole was denied on April 12, 2011.
>
> Regarding the Commonwealth's opposition to Appellant's parole and the Board's discretion in denying parole, we note Appellant was denied parole on April 7, 2009, June 15, 2010, and, most recently, on April 12, 2011. Inasmuch as the April 7, 2009 and June 15, 2010 denial letters specifically indicate the Commonwealth objected to Appellant being placed on parole and the Board exercised its discretion in denying parole, it is clear that these "facts" were known to Appellant as early as April 7, 2009…
>
> Regarding the Board's denial of Appellant's request for parole on the basis he lacks remorse, Appellant has failed to explain why he could not have obtained this "fact" earlier through the exercise of due diligence…
>
> Finally, we note Appellant contends that guilty plea counsel was ineffective in failing to ensure Appellant understood the elements of the charged offenses, failing to discuss with him the factual basis for the charged offenses, and permitting him to enter a guilty plea despite the fact Appellant has a mental illness and was under the influence of medication. We dispose of this contention by simply noting claims "for ineffective assistance of counsel do not save an otherwise untimely petition for review on the merits." (citing cases) (footnotes omitted).

Thus, as a matter of Pennsylvania law, the post-conviction petition was deemed untimely.

Kibe now comes to this Court and contends he is entitled to relief on the following grounds:

1. The state court denying PCRA as untimely violates right to access to court and the right to be heard.

2. Guilty plea attorney never advised petitioner of consequences of entering guilty plea.

3. Trial court permitted petitioner to enter an unknowingly, involuntarily and unintelligently plea of guilty.[2]

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An untimely post-conviction petition is not "properly filed". Pace v. DiGulglielmo, 544 U.S. 408 (2005).

In the instant case, no appeal was pursued although post-trial motions were filed and denied on December 20, 2005, and for this reason Kibe's conviction became final on January 20, 2006 when the time in which to appeal expired.[3] Gonzalez v. Thaler, 132 S.Ct. 641 (2012). The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner did not seek post-conviction relief until June 6, 2011 or almost five and a half years after he could have done so. That petition was denied as untimely and the denial of post-conviction relief was affirmed on

---

[2] See: Petition at ¶12. We also note that grounds 1 and 3 were never raised in the Pennsylvania appellate courts, and are barred here as unexhausted, 28 U.S.C. §2254(b)(1).
[3] See: Rule 903, Pa.R.App.P.

3

untimeliness grounds by the Superior Court on August 31, 2012. The instant petition was executed on September 18, 2012. Thus, as a result of the delay in initially seeking post-conviction relief, far in excess of the one year period in which to seek relief here has expired. Additionally, the petitioner has not made a showing of any basis to invoke equitable tolling here and for this reason his federal petition is likewise time barred.

       Accordingly, the petition of Glenn R. Kibe for a writ of habeas will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists a certificate of appealability will be denied.

       An appropriate Order will be entered.

ORDER

AND NOW, this 24th day of October, 2012, for the reasons set forth in the foregoing Memorandum, the petition of Glenn R. Kibe for a writ of habeas corpus (ECF No.5) is DISMISSED and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is DENIED.

s/ Robert C. Mitchell<br>
United States Magistrate Judge